UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| LAWRENCE LYKES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-cv-445 |
| | ) | 3:99-cr-057 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Lawrence Lykes ("Lykes"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Lykes' conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Lykes "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States*

*v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Lykes is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Lykes was convicted by a jury of taking a motor vehicle with intent to cause bodily injury (carjacking), in violation of 18 U.S.C. § 2119, and using, carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced to consecutive terms of imprisonment of 120 months on each conviction, for a total effective sentence of 240 months. Lykes' conviction and sentence were affirmed on direct appeal. *United States v. Lykes*, 71 Fed.Appx. 543 (6th Cir.), *cert. denied*, 540 U.S. 1093 (2003). In support of his § 2255 motion, Lykes alleges that he received ineffective assistance of counsel and that he is entitled to relief in light of the decision of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004).

III.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Lykes must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

3

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Lykes bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Lykes first alleges his attorney rendered ineffective assistance of counsel by failing to object to an unconstitutional jury instruction as to the elements of carjacking. The court instructed the jury, in relevant part, as follows:

> Ladies and gentlemen, Counts 1 and 2 of the indictment[1] charges the defendant Lawrence Lykes with carjacking in violation of § 2119 of Title 18 United States Code. That section provides in relevant part as follows: Whoever with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate commerce from the person or presence of another by force and violence or by intimidation or attempts to do so, shall be guilty of an offense against the United States.
>
> Mr. Lykes can be found guilty of this offense if and only if the government proves each of the following facts or elements beyond a reasonable doubt:
>
> Number one, that Mr. Lykes took the motor vehicle charged in each count of the indictment from the person and presence of another.
>
> Two, that Mr. Lykes took the motor vehicle either by force and violence or by intimidation.

---

[1] Lykes was found guilty of count two of the indictment which charged him with carjacking; he was found not guilty of the carjacking charged in count one of the indictment.

> Three, that Mr. Lykes acted with the intent to cause death or serious bodily harm.
>
> Four, that the motor vehicles charged in Counts 1 and 2 of the indictment had been shipped or transported in interstate commerce.
>
> ...
>
> Finally, concerning the element involving interstate commerce, if you find that the motor vehicles involved in Counts 1 and 2 of the indictment were manufactured in a state other than Tennessee, then the motor vehicle has been shipped or transported in interstate commerce.

[Criminal Action No. 3:99-cr-57, Court File No. 61, Transcript of Proceedings, pp. 338-340].

Lykes argues that, by instructing the jury to find that the motor vehicles had been shipped or transported in interstate commerce if the jury found the vehicles were manufactured in a state other than Tennessee, the court violated his Sixth Amendment right to have the jury determine his guilt. Lykes alleges the court should have defined interstate commerce as it is defined in the United States Code: "The term 'interstate commerce', as used in this title, includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia." 18 U.S.C. § 10. Lykes claims that the court's instruction left no room for the jury to decide on its own whether the motor vehicles were shipped or transported in interstate commerce, and thus his attorney should have objected to the instruction.

There was proof at trial that the motor vehicle involved in the carjacking in Knoxville, Tennessee, was manufactured in Pontiac, Michigan. [Criminal Action No. 3:99-cr-57, Court File No. 61, Transcript of Proceedings, pp. 213-14, Exhibit 16, Certified Title History]. This

5

was sufficient evidence that the vehicle had been shipped or transported in interstate commerce. *See United States v. Glover*, 265 F.3d 337, 333-34(6th Cir. 2001) (government may prove interstate commerce by showing that vehicle was manufactured outside the state where the carjacking occurred); *United States v. Johnson*, 22 F.3d 106, 108 (6th Cir. 1994) (interstate commerce element of carjacking statute is satisfied when vehicle traveled through another state after being shipped from the manufacturer).

The court's instruction was therefore not erroneous and thus there was no reason for Lykes' attorney to have objected to jury instruction. Accordingly, his failure to do so did not constitute ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Lykes also alleges his attorney was ineffective by failing to object to the jury venire from which the petit jury was selected. According to Lykes, the panel did not represent a fair cross section of the community because it lacked any African-Americans.

Pursuant to the Sixth Amendment, a criminal defendant is entitled to a jury venire, from which the petit jury is drawn, that represents a fair cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522 (1975). However, there is no requirement that the jury panel must accurately reflect the proportionate strength of every identifiable group:

> It should also be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, but the jury wheels, pools of

> names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.

*Id*. at 538.

The Supreme Court has held that, in order to establish a Sixth Amendment violation, a defendant must establish the following:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). Each of these three elements "must be established before the government is required to justify an infringing selection procedure." *United States v. Allen*, 160 F.3d 1096, 1103 (6th Cir. 1998).

African-Americans have been recognized as a distinctive group, *see, e.g., Lockhart v. McCree*, 476 U.S. 162, 175 (1986), and thus Lykes could establish the first requirement. He has failed to put forth any facts, however, which would establish that the jury venire, from which his petit jury was chosen, did not represent a fair cross section of the community nor has he shown that the jury selection procedure excluded distinctive groups or was not racially neutral.

The Jury Plan for the Eastern District of Tennessee, which was in place at the time the venire was selected for petitioner's trial, prohibited discrimination in the jury selection process and established race-neutral procedures for the selection of jurors. A similar challenge to this district's jury selection process was recently considered and rejected by the

Sixth Circuit. *See United States v. Clark*, 112 Fed.Appx. 481, 486 (6th Cir. October 13, 2004), *vacated and remanded on other grounds*, 545 U.S. 1101 (2005). Accordingly, there was no basis upon which Lykes' attorney could have objected to the composition of the jury panel and his failure to do so did not constitute ineffective assistance of counsel.

Based upon the foregoing, Lykes has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

## B. Blakely

Lykes alleges his sentence should be vacated pursuant to the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Lykes'. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a

new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2000).

IV.  Conclusion

Lykes is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Lykes leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Lykes having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                    s/ Leon Jordan
                                           United States District Judge